UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN JOSEPH DEDEAUX                                                                PETITIONER

VERSUS                                         CIVIL ACTION NO. 1:18-CV-263-HSO-RHW

UNKNOWN TURNER                                                                     RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is John Joseph Dedeaux's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On March 15, 1994, Petitioner was convicted of transfer of a controlled substance.  Doc. [15-1] & [15-2].  The trial court sentenced Petitioner as an habitual offender, because he had previous convictions for burglary of a dwelling in 1989 and receiving stolen property in 1990.  The trial court sentenced Petitioner to a 30-year prison term pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81.  At the time of his conviction, Plaintiff was not eligible for parole under Mississippi's parole statute (Miss. Code Ann. § 47-7-3(1)) because of his habitual offender status.  The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence on June 4, 1996.  Doc [15-3].

Petitioner later sought consideration for parole eligibility based on 2014 amendments to Mississippi's parole statute.  The amended parole statute provided habitual offenders the opportunity to be considered for parole if they have served 25 percent or more of their sentence and they have not committed a crime of violence.  Miss. Code Ann. § 47-7-3(1)(g)(iii).  The Circuit Court of Hancock County denied Petitioner's request.  The circuit judge concluded that Petitioner was not eligible for parole under the amended parole statute because he committed

burglary of a dwelling, which currently is defined as a crime of violence under Miss. Code Ann. § 97-3-2.  Doc. [1-1] at 10-12.  At the time of his conviction, the relevant Mississippi criminal statute did not classify burglary of a dwelling as a violent crime *per se*.  *See Brown v. State of Mississippi*¸102 So.3d 1087, 1092 (Miss. 2012).  Petitioner filed the instant § 2254 petition on August 10, 2018, which he amended on October 16, 2018, challenging the trial court's rejection of his request for parole eligibility.  Doc. [1] & [10].  Petitioner argues the trial court committed an *ex post facto* violation by declaring his burglary-of-a-dwelling conviction a crime of violence and not granting him consideration for parole.  Specifically, Petitioner requests "an order of this Court in finding such *ex post facto* violation and requiring the Court to withdraw the order denying him authorization and issue an order granting him parole eligibility, or such other relief that this Court deems appropriate."  Doc [12] at 12-13.

Respondent filed a motion to dismiss on March 5, 2019, asserting that Petitioner failed to state a claim upon which § 2254 relief may be granted.  Doc [19] at 2.  Respondent maintains that Petitioner's request for parole eligibility is prohibited from habeas review.  Petitioner filed a response in opposition to Respondent's Motion to Dismiss, to which Respondent filed a reply.  Doc. [12] & [19].  Petitioner then filed on April 12, 2019, what was, in effect, a sur-reply without first seeking leave of court.  Doc. [20]; *see Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 (W.D.La. July 13, 2011) ("[s]urreplies are heavily disfavored by courts.").

## **LAW AND ANALYSIS**

An inmate's eligibility for parole is determined by Mississippi law.  Section 47-7-3 of the Mississippi Code Annotated, as amended, states:

> (1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term

2

> of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
>
> (a) No prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole;
>
> . . . . .
>
> (g)(iii) Notwithstanding the provisions of paragraph (a) of this subsection, any offender who has not committed a crime of violence under Section 97-3-2 and has served twenty-five percent (25%) or more of his sentence may be paroled by the parole board if, after the sentencing judge or if the sentencing judge is retired, disabled or incapacitated, the senior circuit judge authorizes the offender to be eligible for parole consideration.

At the time of his conviction, Petitioner was sentenced as an habitual offender due to his prior convictions for burglary of a dwelling in 1989 and receiving stolen property in 1990. Based on the law at the time of conviction, Petitioner was statutorily ineligible for parole. The Mississippi legislature later amended § 47-7-3 in 2014 to include subsection (1)(g)(iii), which now allows the circuit judge to authorize an inmate's eligibility for parole consideration despite his habitual offender status. *See Barnett-Phillips v. State of Mississippi*, 195 So.3d 226, 228 (Miss.Ct.App. 2016). The Mississippi legislature also enacted Miss. Code Ann. § 97-3-2 in 2014, which defines burglary of a dwelling as a crime of violence. *See Miller v. State of Mississippi*, 225 So.3d 12, 14 (Miss.Ct.App. 2017). Thus, at the time of Petitioner's original offense, burglary of a dwelling was not defined as a crime of violence *per se*; however, since 2014, burglary of a dwelling is defined as a crime of violence. *See Id.*

Petitioner argues that the circuit judge retroactively applied § 97-3-2, thereby causing him to lose the present opportunity to be considered for parole eligibility. Put another way, he contends that retroactive application of § 97-3-2 prevented his receiving the benefit of the amended parole statute. It is the interaction of these two amendments to Mississippi law that is the basis of Dedeaux's petition.

The *Ex Post Facto* Clause "does not extend to every change in the law that may work to the disadvantage" of a party. *Portley v. Grossman*, 444 U.S. 1311, 1312 (1980). The Supreme Court has explained that in order to establish an *ex post facto* violation, "the focus of the inquiry is ... whether any such change ... increases the penalty by which a crime is punishable." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506–07 n. 3 (1995). "Rules affecting eligibility for parole may violate the clause, but discretionary rules affecting suitability do not." *Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir. 2008). An *ex post facto* violation occurs if the statute is both (1) retrospective and (2) more onerous than the law in effect at the time of the offense. *Weaver v. Graham*, 450 U.S. at 30 (1981).

Parole in Mississippi is purely discretionary. Section 47-7-1, *et seq.*, gives the Parole Board sole discretion to award parole. The Mississippi Supreme Court has held that "a prisoner has no automatic entitlement to parole…the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Davis v. State of Mississippi*, 429 So.2d 262, 263 (Miss. 1983). Petitioner relies on the provisions of § 47-7-3(1)(g), which vests a circuit judge with nothing more than discretionary authority to recommend parole consideration. *Shields v. State of Mississippi*, 223 So.3d 809, 812 (Miss.Ct.App. 2017). Once the circuit judge denies recommendation for parole, that privilege is lost; the parole board, who ultimately decides whether the inmate is eligible for parole, will not even consider the request. *Id.* Further, the

Fifth Circuit has held that a Mississippi inmate has "no constitutionally recognized liberty interest" in parole and no liberty interest in a parole hearing. *Wansley v. Mississippi Dept. of Corrections*, 769 F.3d 309, 312-13 (5th Cir. 2014); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987). The Northern District of Mississippi further clarified that even inmates eligible for parole can only hope to be granted this privilege, but this hope is not a liberty interest protected by due process. *Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D.Miss. June 20, 2002). Petitioner has no liberty interest in parole or in a parole hearing; therefore, his petition fails to state a claim of constitutional magnitude.

Mississippi's amended parole statute provides inmates who were sentenced as habitual offenders a new and previously unavailable opportunity merely to be recommended by a circuit judge for parole consideration. However, the Mississippi legislature's 2014 classification of burglary of a dwelling as a violent offense under § 97-3-2 foreclosed that potential benefit for Petitioner. Nevertheless, the amendment to the parole statute, when applied in concert with the amendment to § 97-3-2, did not affect the duration of Petitioner's confinement. *See Orellana v. Kyle*, 65 F.3d 29, 32 (1995). He was ineligible for parole at the time of his conviction in 1994, due to his habitual offender status; and he currently remains without the privilege of parole due to the trial court's decision not to recommend parole consideration because of Petitioner's prior crime of violence. Both then and now, Petitioner is without benefit of parole. *See Watson v Miss. Dep't of Corr.*, 2018 WL 3865378, at *2-4 (N.D.Miss. Aug. 14, 2018). There is no significant risk in the increase of Petitioner's punishment; therefore, there is no *ex post facto* violation. *Garner v. Jones*, 529 U.S. 244, 255 (2000).

Ultimately, whether Petitioner's prior conviction for burglary should be considered a violent or non-violent offense for purposes of parole eligibility is a matter of state law. In

exercising his discretion not to authorize parole consideration, the circuit judge interpreted and applied § 97-3-2 and its interaction with Mississippi's amended parole statute. He concluded that Petitioner should not be eligible for parole. Federal habeas law does not concern itself with interpretation of state law. *Wansley*, 769 F.3d at 312 ("[a] petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief."). To the extent Petitioner asserts the trial judge misinterpreted state law, he does not identify a federal constitutional violation.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [15] Motion to Dismiss be GRANTED and that John Joseph Dedeaux's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE