IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN JOSEPH DEDEAUX | § | PETITIONER |
| | § | |
| v. | § | Civil No. 1:18cv263-HSO-RHW |
| | § | |
| UNKNOWN TURNER | § | RESPONDENT |

**ORDER OVERRULING PETITIONER'S [23], [24], [25] OBJECTIONS TO THE MAGISTRATE JUDGE'S [22] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; ADOPTING MAGISTRATE JUDGE'S [22] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; GRANTING RESPONDENT'S [15] MOTION TO DISMISS; AND DISMISSING [1] PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on Petitioner John Joseph Dedeaux's Objections [23], [24], [25], to the Proposed Findings of Fact and Recommendation [22] of United States Magistrate Robert H. Walker recommending that Respondent Unknown Turner's Motion to Dismiss [15] be granted and that Petitioner John Joseph Dedeaux's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

After due consideration of the Motion, the Proposed Findings of Fact and Recommendation, Petitioner's Objections [23], [24], [25], the record, and relevant legal authority, the Court finds that Petitioner's Objections [23], [24], [25] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [22] should be adopted, that Respondent's Motion to Dismiss [15] should be granted, and that the Petition for Writ of Habeas Corpus [1] should be

dismissed with prejudice.

## I. BACKGROUND

### A. Factual Background

On or about March 3, 1994, Petitioner John Joseph Dedeaux ("Petitioner" or "Dedeaux") was found guilty by a jury in the Circuit Court of Hancock County, Mississippi (the "Circuit Court"), of the charge of transfer of a controlled substance as a habitual offender under Mississippi Code § 99-19-81. *See* R. [1-1] at 1. Petitioner was sentenced to a 30-year term of imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"), without the benefit of probation, parole, or any form of early release. *See id.* Petitioner had been previously convicted of burglary of a dwelling in 1989 and receiving stolen property in 1990. *See id.* at 11.

### B. Relevant statutory amendments

At the time of Petitioner's 1994 conviction, Mississippi Code § 99-19-81 provided that

> [e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (1977).[1]

---

[1] This statute was amended in 2018, but that amendment is not at issue in this case. *See* Miss. Code Ann. § 99-19-81 (2018).

2

At the time of Petitioner's 1994 conviction, Mississippi Code § 47-7-3(1)(a) directed that "[n]o prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole." Miss. Code Ann. § 47-7-3(1)(a) (1993). Because Petitioner was a habitual criminal under Mississippi Code § 99-19-81, he had no hope of parole upon his conviction. *See id.*

Long after Petitioner's conviction and sentence, Mississippi Code § 47-7-3 was amended, effective July 1, 2014, and the following provision was added:

> Notwithstanding the provisions of paragraph (1)(a) of this section, any *nonviolent offender* who has served twenty-five percent (25%) or more of his sentence may be paroled if the sentencing judge or if the sentencing judge is retired, disabled or incapacitated, the senior circuit judge, recommends parole to the Parole Board and the Parole Board approves.

Miss. Code Ann. § 47-7-3(1)(g)(iii) (2014) (emphasis added).[2]

However, Mississippi Code § 97-3-2 also became effective July 1, 2014, and codified that burglary of a dwelling is a crime of violence. *See* Miss. Code Ann. § 97-3-2 (2014). Prior to July 1, 2014, "burglary of a dwelling [was] not a per se 'crime of violence' under Section 99-19-83" in Mississippi. *Brown v. State*, 102 So. 3d 1087, 1092 (Miss. 2012).

C.  Petitioner's state court filings for parole

On or about December 8, 2014, Petitioner filed a Motion to Recommend a Parole Hearing in the Circuit Court, in light of the 2014 amendment to Mississippi

---

[2] Mississippi Code § 47-7-3 was further amended in 2015, 2016, and 2018, but those amendments are not at issue here.

3

Code § 47-7-3. *See* R. [1-1] at 1. On May 5, 2015, the Circuit Court denied Petitioner's motion. *See id.* at 3.

Petitioner apparently filed several other motions or petitions in the Circuit Court regarding his request for parole, which were denied. *See id.* at 5 n.1, 10, 11-12. On December 20, 2016, and March 1, 2017, Petitioner filed petitions for hearing before the Parole Board in the Circuit Court. *See id.* at 11. The Circuit Court entered an Order denying those petitions. *See id.* at 12. The Circuit Court found that Mississippi Code § 47-7-3(g)(iii) required that the person seeking parole be an offender who had not committed a crime of violence, but because Petitioner had at least one conviction for a violent crime, namely burglary of a dwelling, Petitioner was ineligible for parole under Mississippi Code § 47-7-3(g)(iii). *See id.*

D. Procedural history

On August 1, 2018, Petitioner signed a Petition [1] under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court, which was filed of record on August 10, 2018. Pet. [1] at 1-14. Petitioner raised a single ground for relief—that the burglary crime for which he was convicted occurred in 1989 was considered a non-violent offense at that time, such that the 2014 amendment making such an offense a crime of violence violated the Ex Post Facto Clause of the United States Constitution. *See id.* at 5. Petitioner asserts that he "is being held in violation of Article I, Section 10 of the United States Constitution, which forbids the State of Mississippi to pass, or enact, any 'ex post facto' law." Resp. [12] at 1. Specifically, he claims that the amendment to Mississippi Code § 97-3-2 (effective July 1, 2014)

4

violates the Ex Post Facto Clause because it interferes with his ability under Mississippi Code § 47-7-3(1)(g)(iii) (also effective July 1, 2014) to be eligible for parole as a habitual offender. *See id.* at 6-9.

Respondent Unknown Turner ("Respondent") filed a Motion to Dismiss [15], arguing that Petitioner's claims should be dismissed with prejudice because his claim for parole eligibility fails to state a claim of constitutional magnitude and is precluded from habeas review pursuant to 28 U.S.C. § 2254. *See* Mot. [15] at 3-4.

On November 14, 2019, the Magistrate Judge entered a Proposed Findings of Fact and Recommendation [22] that there was no Ex Post Facto Clause violation, *see* R. & R. [22] at 5, and that to the extent Petitioner asserts the trial judge misinterpreted state law, Petitioner has not identified a federal constitutional violation, *see id.* at 6. The Magistrate Judge recommended that the Petition be dismissed with prejudice. *See id.* Petitioner has submitted three different Objections [23], [24], [25], which were all filed of record on December 2, 2019,[3] and Respondent has filed a Response [26] to the Objections.

---

[3] While the Objections were received and filed by the Clerk of Court on the same day, one [25] is dated November 24, 2019, while the other two [23], [24] are dated November 25, 2019. Petitioner mentions in the earliest, but last-filed Objection [25] that he seeks permission to complete his objections due to the Thanksgiving holiday. *See* Obj. [25] at 11. Likewise, in Objection [24], dated November 25, 2019, Petitioner asks the Court to file his Objection as part of his original Objection dated November 24, 2019. *See* Obj. [24] at 2. Petitioner then submitted the new Objection [23] dated November 25, 2019. To the extent Petitioner asks the Court to consider all of his Objections together, this request will be granted, and the Court has considered all of Petitioner's Objections [23], [24], [25].

## II. DISCUSSION

### A. Standard of review

Because Petitioner has filed written Objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation [22], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2254(a) provides in relevant part that

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "Errors of state law and procedure are not cognizable unless they resulted in the violation of a federal constitutional right." *Pena v. Scott*, 33 F.3d 1378, 1994 WL 486961, *1 (5th Cir. 1994).

Having conducted a de novo review of the record, and for the reasons that follow, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Proposed Findings of Fact and Recommendation.

B.  Analysis

1.  Petitioner's Ex Post Facto Clause claim

Article I, Section 9, Clause 3 of the Constitution prohibits ex post facto laws. *See* U.S. Const. art. I, § 9, cl. 3. "A law violates the Ex Post Facto Clause if it is 'retrospective,' that is, it 'appl[ies] to events occurring before its enactment,' and it 'disadvantage[s] the offender affected by it.'" *Price v. Warden*, 785 F.3d 1039, 1042 (5th Cir. 2015) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)); *see also Collins v. Youngblood*, 497 U.S. 37, 41 (1990) ("the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them").

A statute violates the Ex Post Facto Clause if it retroactively implements a change in the definition of an individual's crime or increases the punishment attached to that crime. *See Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (quotation omitted).

> [T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor . . . on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995).

In this case, Petitioner argues that the enactment in 2014 of Mississippi Code § 97-3-2, which classified his prior burglary conviction as a crime of violence, violated the Ex Post Facto Clause because it interfered with his ability under Mississippi Code § 47-7-3(1)(g)(iii) (also effective July 1, 2014) to be eligible for

7

parole as a habitual offender. Resp. [12] at 6-9. The problem with Petitioner's argument is that prior to July 1, 2014, Petitioner was not eligible for parole under Mississippi Code § 47-7-3(1)(a) (1993) because he was a habitual offender within the meaning of Section 99-19-81 (1977). Likewise, on and after July 1, 2014, when Section 47-7-3 was amended and Section 97-3-2 was codified, Petitioner was still not entitled to parole under Mississippi law.

Considering the effect of Mississippi's changes to both statutes at the same time, Petitioner's parole eligibility never changed. The punishment attached to Petitioner's crime at the time of conviction did not increase, nor was his ability to obtain parole altered. Even if Mississippi Code § 97-3-2 is retrospective, Petitioner cannot show that Mississippi's enactment of the statute violated the Ex Post Facto Clause. *See Price*, 785 F.3d at 1042.

Moreover, parole in Mississippi is purely discretionary. *See, e.g., Davis v. State,* 429 So. 2d 262, 263 (Miss. 1983) ("A prisoner has no automatic entitlement to parole," and "[t]hat the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained."); *see also Shields v. State*, 223 So. 3d 809, 812 (Miss. Ct. App. 2017) (citing Miss. Code Ann. § 47-7-3). According to the United States Court of Appeals for the Fifth Circuit, prisoners in Mississippi "have no liberty interest in parole." *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). The Fifth Circuit has held that "changes to discretionary parole guidelines do not have ex post facto implications." *Wallace*, 516 F.3d at 355. Based upon the foregoing, Petitioner suffered no violation of the Ex Post Facto

8

Clause, and Respondent's Motion to Dismiss should be granted.

2. <u>Petitioner's assertion that the state court incorrectly interpreted state law</u>

A federal court may issue a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Whether Petitioner should be considered a violent or non-violent offender for purposes of determining his parole eligibility is a matter of state law. *See* Miss. Code Ann. § 47-7-3(1)(g)(iii) (2014); Miss. Code Ann. § 97-3-2 (2014). A petition for federal habeas corpus relief based on an argument that a state's courts are incorrectly applying the state's own law does not form a basis for habeas relief. *See Wansley*, 769 F.3d at 312. In this case, the state court interpreted Mississippi's laws and concluded Petitioner was not eligible for parole. To the extent Petitioner asserts that the state court misinterpreted state law, he has not identified a violation of the Constitution. *See id.*

3. <u>Any new grounds raised in the Objections</u>

Respondent points out that in Petitioner's Objections, he appears to be advancing equal protection claims, *see* Resp. [26] at 3 (citing Obj. [25] at 5-8), and making new arguments regarding the separation-of-powers and the void-for-vagueness doctrines, *see id.* (citing Obj. [25] at 10-11). Petitioner did not raise these grounds in his Petition [1], his Response [12] to the Magistrate Judge's Order [11] requiring an amended petition, or at any time before the Magistrate Judge submitted his Proposed Findings of Fact and Recommendation [22]. According to the Fifth Circuit, "issues raised for the first time in objections to the report of a

9

magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). To the extent Petitioner impliedly seeks leave to amend to add these new claims, any such request should be denied under the specific facts and circumstances in this case. *See, e.g., Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that an equal-protection claim would not be considered because it was raised for the first time in the petitioner's objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend). The Court will therefore not consider these new issues interjected for the first time in Petitioner's Objections [25].

### III. CONCLUSION

The Court will overrule Petitioner's Objections [23], [24], [25], adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [22] as the opinion of this Court, grant Respondent's Motion to Dismiss [15], and dismiss the Petition for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner John Joseph Dedeaux's Objections [23], [24], [25] to the Proposed Findings of Fact and Recommendation [22] of United States Magistrate Judge Robert H. Walker are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Proposed Findings of Fact and Recommendation [22] of United States Magistrate Judge Robert H. Walker is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Unknown Turner's Motion to Dismiss [15] is **GRANTED,** and Petitioner John Joseph Dedeaux's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE